**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT LEE SMITH,

    Plaintiff,

v.                                            Case No. 05-CV-73528-DT

CARL EUGENE AKERLIND,

    Defendant.

                                            /

**ORDER DISMISSING PLAINTIFF'S COMPLAINT UNDER 28 U.S.C. § 1915(e)**

On September 14, 2005, Plaintiff Robert Lee Smith initiated this lawsuit against Defendant Carl Eugene Akerlind. The court granted Plaintiff's application to proceed *in forma pauperis* on October 5, 2005. The court will now dismiss Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e).

Complaints filed *in forma pauperis* are subject to the screening requirements of 28 U.S.C. § 1915(e)(2). *Brown v. Bargery*, 207 F.3d 863, 866 (6th Cir. 2000). Section 1915(e)(2) requires district courts to screen and to dismiss complaints that are frivolous, fail to state a claim upon which relief can be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); *McGore v. Wigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997).

A complaint is frivolous and subject to sua sponte dismissal under § 1915(e) if it lacks an arguable basis in either law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A plaintiff fails to state a claim upon which relief may be granted, when, construing the complaint in a light most favorable to the plaintiff and accepting all the factual allegations as true, the plaintiff undoubtedly can prove no set of facts in support

of his claims that would entitle him to relief. *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Kline v. Rogers*, 87 F.3d 176, 179 (6th Cir. 1996); *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

Also, "a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (citing *Hagans v. Lavine*, 415 U.S. 528, 536–37 (1974)).

In this case, Plaintiff seeks to appeal a case which has been litigated through the state court system. In his underlying state court case, Plaintiff sought damages from Defendant for injuries sustained in an automobile accident. Defendant was granted summary disposition by the Wayne County Circuit Court, a decision that was affirmed by the Michigan Court of Appeals on March 30, 2004. The Michigan Supreme Court denied Plaintiff's leave to appeal on November 22, 2004, and denied Plaintiff's motion for reconsideration on February 28, 2005.

Plaintiff now seeks to appeal his case to this court, however, this court lacks subject matter jurisdiction over these claims under the *Rooker-Feldman* Doctrine. *See Gottfried v. Med. Planning Serve., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998). Under the *Rooker-Feldman* doctrine, inferior federal courts lack authority to perform appellate review of state court decisions. *See, e.g.*, *Hart v. Comerica Bank*, 957 F. Supp. 958, 968-70 (E.D. Mich. 1997) (describing the *Rooker-Feldman* Doctrine). The doctrine

applies where, as here, the court is "presented with claims that raise issues which were the subject of, or inextricably intertwined with, state court decisions." *Id.* at 970.

The court must dismiss this case because Plaintiff's claims are "inextricably intertwined" with the state court decision granting summary disposition to Defendant. "Put simply, claims like these are barred from the inferior federal courts because these courts have no authority to review state court decisions or any issues that either the state court or the parties considered or raised, or could have, in the course of the state court decisions." *Id.* Inasmuch as it is apparent from the face of the complaint that the court lacks subject matter jurisdiction over this case,

IT IS ORDERED that Plaintiff's complaint is DISMISSED pursuant to 42 U.S.C. § 1915(e).

    S/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, October 31, 2005, by electronic and/or ordinary mail.

    S/Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522

S:\Cleland\JUDGE'S DESK\Even Orders\05-73528.SMITH.1915.smj.Rooker.wpd