**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT LEE SMITH,

    Plaintiff,

v.                                           Case No. 05-CV-73528-DT

CARL EUGENE AKERLIND,

    Defendant.

                                               /

**ORDER DENYING PLAINTIFF'S
"PETITION FOR MOTION FOR RECONSIDERATION"**

On October 31, 2005, this court dismissed Plaintiff Robert Lee Smith's *pro se* complaint pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction. Now pending before the court is Plaintiff's "Petition for Motion for Reconsideration," filed on November 10, 2005. Having reviewed the motion, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(e)(1). For the reasons stated below, the court will deny Plaintiff's motion.

**I. INTRODUCTION**

In its October 31, 2005 order, the court dismissed Plaintiff's complaint because the face of the complaint revealed that the court lacked subject matter jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine. *See Gottfried v. Med. Planning Serv., Inc.*, 142 F.3d 326, 330 (6th Cir. 1998). Under the *Rooker-Feldman* doctrine, inferior federal courts lack authority to perform appellate review of state court decisions. *See, e.g., Hart v. Comerica Bank*, 957 F. Supp. 958, 968-70 (E.D. Mich. 1997) (describing the *Rooker-Feldman* doctrine).

Specifically, in this case Plaintiff seeks to appeal an action which has been litigated through the state court system. Because such claims are barred from federal district court review under the *Rooker-Feldman* doctrine, the court dismissed the case pursuant to 28 U.S.C. § 1915(e)(2) for lack of subject matter jurisdiction. (*See* 10/31/05 Order at 3.)

## II. STANDARD

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)). A motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

## III. DISCUSSION

In his current motion, Plaintiff does not deny that he has already litigated this case in the state courts. Instead, he challenges the outcome of that litigation, and argues that the "allegations in [his] complaint are totally plausible, strong, substantial, serious, have merit, and [he has] not utilized all of [his] rights under the court system." (Pl.'s Mot. at 2.) Plaintiff does not present any evidence or argument demonstrating a

2

"palpable defect" in the court's conclusion that his claims are barred by the *Rooker-Feldman* doctrine.

The *Rooker-Feldman* doctrine originated in two Supreme Court cases, *Rooker-Fidelity Trust Co.*, 263 U.S. 413 (1923) and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983).  The doctrine holds that lower federal courts do not have jurisdiction to review challenges to state court decisions, because such reviews may only be had in the Supreme Court pursuant to 28 U.S.C. § 1257.  *Tropf v. Fidelity Nat. Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002).  The Supreme Court recently reaffirmed the doctrine, holding that the doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Exxon Mobil Corporation v. Saudi Basic Indus. Corp.*, --- U.S. ---, --- , 125 S.Ct. 1517, 1521-22 (2005).

Plaintiff's complaint presents a text-book example of the type of claim the *Rooker-Feldman* doctrine prevents.  Plaintiff is unhappy with the results of the state court action and is seeking review of his state court dismissal in this court.  As this court held in its October 31, 2005 order, the court simply lacks subject-matter jurisdiction over his case.  Plaintiff's motion for reconsideration will therefore be denied.

### IV.  CONCLUSION

IT IS ORDERED that Plaintiff's "Petition for Motion for Reconsideration" [Dkt. # 8] is DENIED.

                                             S/Robert H. Cleland
                                             ROBERT H. CLELAND
                                             UNITED STATES DISTRICT JUDGE

Dated:  November 16, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, November 16, 2005, by electronic and/or ordinary mail.

 S/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522

S:\Cleland\JUDGE'S DESK\Even Orders\05-73528.SMITH.1915.smj.Rooker.Reconsideration.wpd