**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT LEE SMITH JR.,

    Plaintiff,

v.                                       Case No. 05-CV-73528-DT

CARL EUGENE AKERLIND,

    Defendant.
                                            /

**ORDER DENYING PLAINTIFF'S
"MOTION FOR EXTENSION OF TIME OF NOTICE TO APPEAL"**

On October 31, 2005, the court dismissed Plaintiff Robert Lee Smith Jr.'s *pro se* complaint pursuant to 28 U.S.C. § 1915(e) for lack of subject matter jurisdiction. On November 16, 2005, the court denied Plaintiff's *pro se* petition for motion for reconsideration. Now pending before the court is Plaintiff's *pro se* "Motion for Extension of Time of Notice to Appeal," filed on January 12, 2006. For the reasons stated below, Plaintiff's motion will be denied.

The district court has the discretion to decide whether to grant an extension of time for filing a notice of appeal under Federal Rule of Appellate Procedure 4(a)(5). Fed. R. App. P. 4(a)(5); *Zack v. United States*, 133 F.3d 451, 453 (6th Cir. 1998); *Baker v. Raulie*, 879 F.2d 1396, 1398-99 (6th Cir. 1989). Pursuant to Federal Rule of Appellate Procedure 4(a)(5), the district court may extend the time to file a notice of appeal if "a party so moves no later than thirty days after the time prescribed by this Rule (4)(a) expires" and shows excusable neglect or good cause. Fed. R. App. P. 4(a)(5); *see also* Advisory Committee Note to 2002 Amendments to Fed. R. App. P. 4

(noting that under current version of the rule, movant can satisfy its burden by showing *either* good cause or excusable neglect).  In this case, the court finds that Plaintiff has failed to satisfy his burden.

Plaintiff states in his motion that he was unable to meet the deadline to file a notice of appeal because he "could not respond to his complaint or file a motion [for] notice to appeal due to his physical limitation and sickness." (Pl.'s Mot. at 1.)  This reason alone, however, falls short of showing either good cause or excusable neglect.  The Sixth Circuit Court of Appeals has explained that, "[a]lthough not further defined in Rule 4(a)(5), the excusable neglect standard has consistently been held to be 'strict,' and can only be met in extraordinary cases."  *Marsh v. Richardson*, 873 F.2d 129, 130 (6th Cir. 1989).  Here, Plaintiff's situation does not qualify to be extraordinary and thus does not constitute "excusable neglect."

In addition, Plaintiff has not demonstrated good cause for being unable to meet the filing deadline.  In certain circumstances, a lengthy or incapacitating illness *may* constitute "good cause."  In this case, however, Plaintiff has not specified the type of his illness, the duration of his sickness or why his particular illness prevented Plaintiff from fulfilling his responsibilities as a *pro se* litigant.  While the court recognizes that Plaintiff files his motion *pro se*, Plaintiff does not offer any additional reason to convince this court to grant him a time extension for filing his notice of appeal.  Courts may hold pleadings filed by *pro se* litigants to a less stringent standard than those filed by lawyers, but the Supreme Court has "never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel."  *In re G.A.D., Inc.*, 340 F.3d 331, 335 (6th Cir. 2003) (citing *Haines v.*

2

*Kerner*, 404 U.S. 519, 520 (1972)) and (quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993)).

Because Plaintiff has failed to demonstrate either good cause or excusable neglect in his failure to effect a timely appeal, Plaintiff's motion will be denied.

IT IS ORDERED that Plaintiff's "Motion for Extension of Time of Notice to Appeal" [Dkt. # 10] is DENIED.

    S/Robert H. Cleland
    ROBERT H. CLELAND
    UNITED STATES DISTRICT JUDGE

Dated:  February 3, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 3, 2006, by electronic and/or ordinary mail.

    S/Lisa Wagner
    Case Manager and Deputy Clerk
    (313) 234-5522