UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT LEE SMITH JR.,

      Plaintiff,

v.                                                                         Case No. 05-CV-73528-DT

CARL EUGENE AKERLIND,

      Defendant.
                                               /

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

On February 3, 2006, the court denied Plaintiff Robert Lee Smith Jr.'s "Motion for Extension of Time of Notice to Appeal," in which he sought additional time to appeal this court's October 31, 2006 order of dismissal and November 16, 2005 order denying Plaintiff's motion for reconsideration. Now pending before the court is Plaintiff's motion for reconsideration of the court's February 3, 2006 order. Having reviewed the motion, the court concludes no response or hearing is necessary. *See* E.D. Mich. LR 7.1(e)(1) & (g)(2). For the reasons stated below, Plaintiff's motion will be denied.

Rule 7.1(g) of the Local Rules for the Eastern District of Michigan provides that a motion for reconsideration shall be granted only if the movant can (1) "demonstrate a palpable defect by which the court and the parties have been misled," and (2) show that "correcting the defect will result in a different disposition of the case." E.D. Mich. LR 7.1(g)(3). "A 'palpable defect' is 'a defect that is obvious, clear, unmistakable, manifest, or plain.'" *United States v. Lockett*, 328 F. Supp. 2d 682, 684 (E.D. Mich. 2004) (citing *United States v. Cican,* 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001)).

In the court's February 6, 2006 order, the court denied Plaintiff's motion for an extension of time because Plaintiff failed to show excusable neglect or good cause for his failure to file a timely notice of appeal. *See* Fed. R. App. P. 4(a)(5). Specifically, the court noted Plaintiff's assertion that he was unable to meet the deadline to file a notice of appeal because he "could not respond to his complaint or file a motion [for] notice to appeal due to his physical limitation and sickness," but found this reason, especially without further details, insufficient to constitute either good cause or excusable neglect. (2/3/06 Order at 2.)

In Plaintiff's current motion, Plaintiff attempts to buttress his earlier motion for an extension of time with further details regarding his alleged incapacitation. Specifically, Plaintiff claims he suffers from "back pain, gait, depression, stress physical function [and he] could not handle legal affairs." (Pl.'s Mot. at 2.) Plaintiff states that he has "a chronic ongoing illness." (*Id.*) The court finds that this reasoning fails to establish a palpable defect by which the court has been misled. *See* E.D. Mich. LR 7.1(g)(3). Rather, Plaintiff is simply trying to re-litigate an issue that has already been determined. A motion for reconsideration that presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. E.D. Mich. LR 7.1(g)(3); *Czajkowski v. Tindall & Assocs., P.C.,* 967 F.Supp. 951, 952 (E.D. Mich. 1997).

For the reasons stated above, IT IS ORDERED that Plaintiff's motion for reconsideration [Dkt. # 12] is DENIED.

                                                s/Robert H. Cleland
                                                ROBERT H. CLELAND
                                                UNITED STATES DISTRICT JUDGE

Dated:  February 23, 2006


I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, February 23, 2006, by electronic and/or ordinary mail.

s/Kim Grimes
Supervisor, Courtroom Deputy Services
Acting in the Absence of Lisa Teets
